IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
RANDY L. COURSEY AND TAMMY L.    )
COURSEY,                         )    2:12-cv-01146-GEB-EFB
                                 )
              Plaintiffs,        )
                                 )    ORDER*
         v.                      )
                                 )
MIDLAND MORTGAGE, A DIVISION OF  )
MIDFIRST BANK; NDEX WEST, LLC;   )
DEUTSCHE BANK NATIONAL TRUST     )
COMPANY AS TRUSTEE PURSUANT TO   )
THE HARBOUR VIEW MORTGAGE LOAN   )
PASS-THROUGH CERTIFICATES,       )
SERIES 2006-13; MORTGAGE         )
ELECTRONIC REGISTRATION SYSTEMS, )
INC.; AND DOES 1-100, INCLUSIVE, )
                                 )
              Defendants.        )
_____ )
```

Plaintiffs seek a preliminary injunction "restraining and enjoining Defendants . . . , and their agents and assigns, from completing the foreclosure on [their] Property, or taking any other enforcement actions, until such time as this Court in this Action determines whether foreclosure is justified . . . ." (Pls.' Am. Notice of Mot. 1:21-2:2.)

However, since review of Plaintiffs' motion reveals that the injunctive relief Plaintiffs seek is based wholly on their state law claims, and that the only basis for federal jurisdiction is a Real

---

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

Estate Settlement Procedures Act ("RESPA") claim for actual damages against only one of the three Defendants, the Court sua sponte determines whether it should exercise supplemental jurisdiction in this case. Specifically, Plaintiffs allege federal question jurisdiction based on their RESPA claim against Defendant Midland Mortgage ("Midland"). (Compl. ¶¶ 9, 37-41.) Plaintiffs further allege "supplemental jurisdiction over all other claims asserted by Plaintiffs pursuant to 28 U.S.C. § 1367(a) because the other claims 'form part of the same case or controversy' and arise from the same common nucleus of operative facts." Id. ¶ 9.

"[Supplemental] jurisdiction is a doctrine of discretion, not of [a party's] right." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Under 28 U.S.C. § 1367(c)(2), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." The "discretion [whether] to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), [and] is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in Gibbs. Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted).

When "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be . . . left for resolution to state tribunals." Gibbs, 383 U.S. at 727. "Generally, a district court will find substantial predomination where 'it appears that a state claim constitutes the real body of a case, to

2

which the federal claim is only an appendage.'" Contemporary Servs. Corp. v. Hartman, No. 08-02967 AHM, 2008 WL 3049891, at *3 (C.D. Cal. Aug. 4, 2008) (quoting Gibbs, 383 U.S. at 727).

Plaintiffs allege the following state claims: wrongful foreclosure, slander of title, violation of California Civil Code section 2923.5, and violation of California Business and Professions Code section 17200. In essence, Plaintiffs' state claims allege that Defendants do not have the legal power to foreclose upon Plaintiff's property. These claims primarily seek injunctive and declaratory relief against all Defendants. In contrast, Plaintiffs' RESPA claim alleges only that Midland failed to respond to Plaintiff's qualified written request. This claim seeks actual damages. Therefore, Plaintiffs' RESPA claim has little, if any, factual overlap with their state claims. Further, the relief Plaintiffs seek in their state claims is distinct from the relief they seek in their RESPA claim.

Further, judicial economy does not favor continuing to exercise supplemental jurisdiction since none of the state law claims have been addressed on the merits. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction or if it should more properly dismiss the claims without prejudice."). Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726.

Since Plaintiffs' state claims substantially predominate over their solitary RESPA claim, and comity, fairness, and judicial economy

weigh in favor of dismissal, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state claims, and they are dismissed from this action without prejudice under 28 U.S.C. § 1367(c)(2). Further, to the extent that Plaintiffs' pending motion can be construed as seeking preliminary injunctive relief against Midland under RESPA, the motion is denied since Plaintiffs have not shown that the injunctive relief they seek is available under RESPA. See Ghuman v. Wells Fargo Bank, N.A., 2012 WL 2263276, at *7 (E.D. Cal. June 15, 2012) ("RESPA . . . provides in any action by an individual, '[a noncomplying servicer] shall be liable to the borrower for each such failure in . . . an amount equal to the sum of . . . any actual damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.'") (quoting 12 U.S.C. § 2605(f)(1)).

Dated: July 12, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge